## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

WILLIAM McADAMS, MICHAEL
ASHMORE and CHRISTOPHER
DUDLEY,

      Plaintiffs,

vs.                                **CASE NO. 5:11-cv-247-RS-CJK**

PLANT PERFORAMNCE SERVICES, LLC,
d/b/a P2S, a Texas limited liability company
and a wholly-owned subsidiary of Fluor
Corporation, and FLUOR CORPORATION,
a Texas corporation.

      Defendants.
_____/

### ORDER

Before me are Plaintiffs' Motion to Remand (Doc. 8) and Defendants'
Response to Plaintiffs' Motion to Remand with Incorporated Memorandum of Law
(Doc. 10).

Any civil case filed in state court may be removed to federal court by the
defendant if the case could have been brought originally in federal court. *See* 28
U.S.C §1441(a). A removing defendant has the burden of establishing by a
preponderance of the evidence that federal jurisdiction exists. *Leonard v. Enter.
Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). "Eleventh Circuit precedent

permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010)(quoting *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir.2010)).  In the context of diversity jurisdiction, a removing defendant must demonstrate that the amount in controversy exceeds $75,000 and that there is complete diversity of citizenship.  *See* 28 U.S.C. § 1332.

Here, the parties agree that there is complete diversity of citizenship.  The only dispute concerns the amount in controversy.  If the jurisdictional amount is not clear from the face of or readily deducible from the removing documents, then "the court must remand." *Rollo v. Keim,* 2009 U.S. Dist. LEXIS 56292, 5-6 (N.D. Fla. 2009)(citing *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007)).

In reviewing the removing documents, I find that Defendants have met their burden in establishing the amount in controversy exceeds the statutory amount.  In their Complaint (Doc. 1, Attach. 1, p. 8), Plaintiffs state that:

> Defendants P2S and FLUOR, through representatives given hiring authority by each, repeatedly and negligently made plain and unequivocal material statements as to the length and continued terms of employment Plaintiffs and others would enjoy with Defendants.  Defendants' representatives should have known that they had no way of knowing whether these statements were true, or not, and were corresponding negligent in making such unequivocal statements.

Plaintiffs' negligent misrepresentation claim is clearly based on the alleged promise of continued employment for the Plaintiffs. In addition, the Complaint states that Plaintiffs McAdams and Dudley worked for $18 per hour ($27 per hour overtime) and Plaintiff Ashmore worked for $32 per hour ($48 per hour overtime) while working twelve hours a day for seven days a week. (Doc. 1, Attach. 1, p. 5-6). Plaintiffs also claim that "[a]ll [Plaintiffs] were told by Defendants' representatives that their employment with P2S would last at least one year and up to 10 years." Lastly, Plaintiffs' prayer for relief is indeterminate as to the amount of damages sought. (Doc. 1, Attach. 1, p. 9).

Defendants removed the case based on the calculation for lost wages for one to ten years. (Doc. 1, p. 3). This was calculated using the stated regular and overtime payment rates for twelve hours a day for seven days a week for one to ten years, as stated in Plaintiffs' Complaint. This equates to $99,216 per year for McAdams and Dudley and $176,384 per year for Ashmore. These amounts exceed the necessary amount in controversy of $75,000.

In their Motion for Remand, Plaintiffs argue that they only seek consequential damages and not lost wages. However, using "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the Complaint, it is apparent that Plaintiffs set up a claim for lost wages. *Pretka,* 608 F.3d at 754. By including information about Plaintiffs' regular and overtime pay

rates, number of hours worked per week, number of days worked per week, and reliance on promises of continued employment for one to ten years, a reasonable inference is that Plaintiffs wished to receive lost wages due to the alleged negligent misrepresentation.

Plaintiff's Motion to Remand is **DENIED.**

**ORDERED** on August 16, 2011.

**/s/ Richard Smoak**
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**